UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:07CV-00040

UNITED STATES OF AMERICA,
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY             PLAINTIFF

V.

AN EASEMENT AND RIGHT-OF-WAY
OVER 4.09 ACRES OF LAND, MORE OR
LESS, IN WARREN COUNTY, KENTUCKY, and
BLUE SPRINGS FARMS, INC., ET AL.        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiff, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA), to strike the counterclaims of Defendant Blue Springs Farms, Inc. (DN 43) and Defendants Oles B. and Camille Drobocky, Phillip R. and Kathy A. Perry, Kirk A. and Kela Lyons Fee, Joseph T. And Charlotte N. Napier, and David B. And Lisa V. Richards, Christopher and Tamara L. Bush, James Robert and Teresa Jo Hilliard, and John J. Ross (DN 53). Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion is **GRANTED**.

The TVA filed this condemnation action on March 2, 2007, pursuant to the TVA Act of 1933, as amended, 16 U.S.C. §§ 831-831ee. The Defendants filed answers and counterclaims. (DN 10, 45-52). The Plaintiff now asks the Court to strike the Defendants' counterclaims.

Federal Rule of Civil Procedure 71(A)e describes the types of defense pleadings permitted in a condemnation proceeding. It states:

> If a defendant has any objection or defense to the taking of property, the defendant shall serve an answer within 20 days after the service of notice upon the defendant. The answer shall identify the property in which the defendant claims to have an

interest, state the nature and extent of the interest claimed, and state all the defendant's objections and defenses to the taking of property...No other pleading or motion asserting any additional defense or objection shall be allowed.

Pursuant to this rule, district courts have only jurisdiction to hear defenses and objections from defendants in condemnation cases. United States v. Certain Land Situated in the City of Detroit, 361 F.3d 305, 308 (6th Cir. 2004). A district court lacks jurisdiction to hear counterclaims against the United States in condemnation actions. Id. (citing United States v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 380 (4th Cir. 1995)). This is so because federal condemnation statutes do not waive the United States' sovereign immunity. See, e.g, United States v. Land, 213 F.3d 830, 837 (5th Cir. 2000).

Finally, the Court finds the Defendants' arguments regarding TVA's allegedly inconsistent use of both Fed. R. Civ. P. 71A and 40 U.S.C. §3114 without merit. Rule 71(a) does not contradict 40 U.S.C. § 3114, but supplements it; it was designed to "to permit the prompt acquisition of title by the United States, pending the condemnation proceedings, upon a deposit in court." Advisory Committee Notes to Rule 71A. Indeed, "the adoption in 1951 of Rule 71A capped an effort to establish a uniform set of procedures governing all federal condemnation actions." Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 4 n.2 (1984).

Accordingly, the Plaintiff's motion to strike the Defendants' counterclaims is **GRANTED**.

Joseph H. McKinley, Jr., Judge
United States District Court

May 29, 2007

cc: Counsel of Record